MICHELE BEAL BAGNERIS, City Attorney
State Bar No. 115423
FRANK L. RHEMREV, Sr. Assistant City Attorney
State Bar No. 120294
100 N. Garfield Avenue, Room N210
Pasadena, California 91109
(626) 744-4141

Attorneys for Defendants
CITY OF PASADENA,
SGT. GOODMAN, OFFICERS
BALLARD, GOMEZ, KIRBY,
CURRY AND REINBOLD

**ENTER NO JS6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MILLER and LINDA JORDAN, <br><br>    Plaintiffs, <br><br>v. <br><br>CITY OF PASADENA, Sgt. Goodman #3156, Officers: Ballard #0765, Gomez #3196, Kirby #4949, Curry #1670, and Reinbold #7400 individually and in their official capacities <br><br>    Defendants. | Case No. CV05-7467 R (PJWx) <br><br> Judge Manuel L. Real <br><br> [~~PROPOSED~~] ORDER RE SUMMARY JUDGMENT MOTION; UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW; JUDGMENT |

      Defendants, City of Pasadena, Sgt. Goodman, Officers Ballard, Gomez, Kirby, Curry and Reinbold's Motion for Summary Judgment came on regularly for hearing before the Honorable Manuel Real, United States District Judge on May 5, 2008. Having reviewed the pleadings and after having heard the arguments of counsel, the court ruled as to plaintiff Michael Miller. The court requested further briefing and set a June 2, 2008 hearing with respect to plaintiff Linda Jordan. On

June 2, 2008 having reviewed the supplemental briefing and having heard the arguments of counsel the court ruled as to plaintiff Linda Jordan.  As to each plaintiff and each defendant the Court finds the following facts are uncontroverted and makes the following conclusions of law.

## UNCONTROVERTED FACTS

As to the claim of plaintiff Michael Miller against Sgt. Goodman, Officers Ballard, Gomez, Kirby, Curry and Reinbold:

1. On September 26, 2003, an incident occurred in Pasadena involving numerous police officers and numerous suspect.  During this incident Michael Miller and Officer Ballard were involved in a physical confrontation. **(Declaration of Sgt. Goodman, Officers Gomez, Kirby, Curry, and Reinbold; Trial Transcript testimony of Miller, Exhibit B, Transcript 11/22/04)**

2. As a result of Miller's physical confrontation with Officer Ballard on September 26, 2003, a petition was filed in the Los Angeles Superior Court, Juvenile Court alleging, inter alia, that Miller committed a battery on a peace officer (Ballard) in violation of Penal Code Section 243(B) and that Miller resisted a peace officer (Ballard) in violation of Penal Code Section 148(A)(1).  **(Juvenile Court Petition, Exhibit A, Pgs 1-4 to Request for Judicial Notice.)**

3. After trial Miller was convicted of violation of Penal Code Section 243 (battery on a peace officer - Ballard).  **(Minute Order; Trial Transcript pg 350 ln 13-17.)**

4. After trial Miller was convicted of violation of Penal Code Section 148 (resisting a peace officer - Ballard).  **(Minute Order; Trial Transcript pg 350 ln 13-17.)**

5. Sgt Goodman, Officer Reinbold, and Officer Curry assisted Ballard in subduing Miller and arresting him.  **(Trial Transcript pg 289 ln 10-14.)**

6. The juvenile court "believes the officers testified credible" . . . . and the testimony "rang true."  **(Trial Transcript pg 350 ln 13-16.)**

     7.  Miller was not handcuffed when he alleges he was slammed into the street.  **(Trial Transcript Miller testimony pg 289 ln 2-14; Trial Transcript Jordan testimony pg 264 ln 12-16.)**

As to the claim of Michael Miller against Officer Kirby

     8.  There is no evidence that Officer Kirby used force against Miller.  **(Declaration of Officer Kirby.)**

As to the claim of plaintiffs Michael Miller and Linda Jordan against the City of Pasadena

     9.  There is no evidence of a municipal custom or policy which caused any constitutional deprivation to plaintiff Miller or to plaintiff Jordan.

As to the claim of Linda Jordan against Officer Kirby

     10.  Linda Jordan claims that Officer Kirby threw her to the ground on September 26, 2003.  Jordan filed her lawsuit on October 17, 2005.

As to the 1985 claims of Linda Jordan

     11.  Linda Jordan claims that her 1983 cause of action accrued on September 26, 2003, when Officer Kirby threw her to the ground.  Jordan filed her lawsuit on October 17, 2005.

As to Linda Jordan's State causes of action.

     12.  Linda Jordan claims that her state causes of action accrued on September 26, 2003, when Officer Kirby threw her to the ground.  Jordan filed her lawsuit on October 17, 2005.

# CONCLUSIONS OF LAW

As to Officer Ballard

1. The State Juvenile Court found true that Miller committed a battery on Officer Ballard in violation of Penal Code Section 243(B). The fact that the Juvenile Court "sustained" this charge is a "conviction" for purposes of *Heck v Humphrey* (1994) 512 US 477. "If a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v Towery* (9th Cir 1996) 79 F 3d 951, 952.

2. The State Juvenile Court found true that Miller resisted Officer Ballard in violation of Penal Code Section 148(A)(1). The fact that the Juvenile Court "sustained" this charge is a "conviction" for purposes of *Heck v Humphrey* (1994) 512 US 477. "If a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v Towery* (9th Cir 1996) 79 F 3d 951, 952.

3. Since Miller was convicted of violating Penal Code Section 243 and 148 the Juvenile Court must have found and did find that Officer Ballard did not use excessive force during the arrest. See *Smith v City of Hemet* (9th Cir 2005) 38 F 3d 689, 695.

4. Since Miller was convicted of violating Penal Code Sections 243 and 148, Miller cannot state a claim for false arrest or detention. *Heck v Humphrey* (1994) 512 US 477.

As to City of Pasadena

5. There being no evidence as to an unconstitutional municipal custom or policy, there can be no municipal liability under Monell.

As to Sgt. Goodman and Officers Gomez, Kirby, Curry and Reinbold

6. As to Sgt. Goodman and Officers Gomez, Kirby, Curry, and Reinbold the Court finds that *Heck v Humphrey* does not apply to these officers.

As to Linda Jordan's 1985(2) and 1985(3) claims.

7. As to Linda Jordan's 1985 claims (2nd and 3rd causes of action), the Court finds that the statute of limitations for these claims is 2 years, the same as for her 1983 claims (1st cause of action).

As to Linda Jordan's State Law claims

8. As to Linda Jordan's state law claims for assault and battery (5th cause of action), false arrest and false imprisonment (6th cause of action), intentional infliction of emotional distress (7th cause of action), conspiracy (8th cause of action), negligent employment/retention/supervision (9th cause of action), negligence (10th cause of action), and violation of Unruh Act (12th cause of action) the Court finds that the statute of limitations for these claims is 2 years from the date of accrual September 26, 2003.

9. As to Linda Jordan's state law claim for Tort in Essence (11th cause of action) the court finds that as to California Penal Code Sections 422.6, 147, 240, and 242 the statute of limitations is 2 years from the date of accrual September 26, 2003.

10. As to Linda Jordan's stat law claim for Tort in Essence (11th cause of action) the court finds that as to California Penal Code Section 149, 181.1 and 181.2 the statute of limitations is 3 years from the date of accrual September 26, 2003.

//

# ORDER

Accordingly, summary judgment is granted as follows:

1. in favor of Officer Ballard and against Miller on all causes of action;

2. in favor of the City of Pasadena and against Miller and Jordan on their Monell claim.

3. in favor of Sgt. Goodman and Officers Ballard, Gomez, Kirby, Curry and Reinbold against Linda Jordan on all causes of action except for her claim of Torts in Essence with respect to California Penal Code Section 149, 182.1 and 182.2.

(The Court has read and considered the findings of fact and conclusions of law and adopts them as set forth herein. [R])

**IT IS SO ORDERED:**

Dated: __June 12, 2008__        _____
                                Hon. Manuel L. Real
                                United States District Court Judge

1  Presented by:

2

3  MICHELE BEAL BAGNERIS, City Attorney
   FRANK L. RHEMREV, Sr. Assistant City Attorney
4

5
   By:_____
6          Frank L. Rhemrev
           Sr. Assistant City Attorney
7
   Attorneys for Defendants,
8  CITY OF PASADENA,
   SGT. GOODMAN, OFFICERS
9  BALLARD, GOMEZ, KIRBY,
   CURRY AND REINBOLD
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28